UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ROYAL HALL,

                                  Plaintiff,

v.

APRILANNE AGOSTINO; STATE OF NEW YORK SUPREME COURT, APPELLATE DIVISION 2ND DEPT.,

                                  Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

19-CV-5929 (LDH) (LB)

---

LASHANN DEARCY HALL, United States District Judge:

    Plaintiff Royal Hall, proceeding pro se, brings the instant action pursuant to 42 U.S.C. § 1983 against the Supreme Court of the State of New York, Appellate Division, Second Department and its Clerk of the Court, Aprilanne Agostino, for mishandling and returning documents he mailed relating to his criminal appeal. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this order. For the reasons discussed below, the complaint is dismissed in its entirety.

### BACKGROUND[1]

    In October 2019, in connection with the appeal of his criminal conviction, Plaintiff twice mailed a motion and exhibits to the Appellate Division, Second Department. (Compl. at 6–7, ECF No.1.) According to Plaintiff, his submissions were misconstrued by the court and consequently improperly retuned to him. (*Id*. at 7–8.) Specifically, by letter dated October 23, 2019, the Clerk of Court advised Plaintiff of the proper procedures and rules to file a motion for

---

[1] The following facts are taken from the complaint and are assumed to be true for the purpose of this memorandum and order. The Court refers to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

leave to reargue his appeal and included as an enclosure a copy of the Appellate Division's decision and order dated September 18, 2019. (*Id*.) Similarly, by letter dated October 30, 2019, the Clerk of Court wrote to Plaintiff:

> We are returning your 'Exhibits' labeled A through M, received here on October 28, 2019. Please be advised that by decision and order of this Court dated September 18, 2019, a copy of which is enclosed, your appeal from the judgment of conviction rendered December 16, 2016, by the County Court, Dutchess County, under Indictment No. 72/16, was decided. According to our records, there is no other appeal taken in this Court under your name and Indictment No. 128/2015. Therefore, this Court cannot assist you at this time.

(*Id*. at 12.) Plaintiff seeks money damages and asks this Court to "review the motion [to reargue] that is being suppressed." (*Id*. at 5.)

## STANDARD OF REVIEW

A district court "shall dismiss" an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38, 40 (2d Cir. 1977) (recognizing that § 1983 contains "no such authorization for the award of money damages of against the states" and holding that New York

2

has not waived its Eleventh Amendment immunity from federal suit). Because the Appellate Division, Second Department, is part of the New York State Unified Court System, *see* N.Y. Const., Art. 6, § 1(a), the Eleventh Amendment bars Plaintiff's claims against the state court from proceeding in federal court, *see Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court System "is unquestionably an arm of the State and is entitled to Eleventh Amendment sovereign immunity"). Plaintiff's claims against the Appellate Division, Second Department, must therefore be dismissed.

Likewise, judges and officials performing "in a judicial capacity are entitled to absolute immunity . . . ." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999). Absolute immunity "acts as a complete shield to claims for money damages." *Id*. This immunity extends to court clerks who perform tasks "which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). The court's "'inherent power to control its docket is part of its function of resolving disputes between parties" and is thus "a function for which judges and their supporting staff are afforded absolute immunity." *Id*.; *see also Pikulin v. Gonzalez*, 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (finding that absolute judicial immunity extends to "the Clerk's Office activities of filing and docketing legal documents"). Plaintiff's claims against Aprilanne Agostino, for actions taken in her capacity as Clerk of Court of the Appellate Division, Second Department, must therefore also be dismissed.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii), (iii). In light of Plaintiff's pro se status, Plaintiff is granted leave to file an amended complaint within thirty (30) days from the entry of this memorandum and order. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The amended complaint must be captioned "Amended

Complaint" and bear the same docket number as this memorandum and order.  Failure to file an amended complaint within thirty (30) days, as directed by this memorandum and order, will result in dismissal of Plaintiff's case for failure to prosecute.

                                          SO ORDERED.

Dated: Brooklyn, New York                  /s/ LDH

      November 17, 2020                  L<small>A</small>SHANN D<small>E</small>ARCY HALL
                                                  United States District Judge